■ LABATT BREWING COMPANY LIMITED, Appellant, v ZURICH INSURANCE COMPANY, Respondent. [723 NYS2d 17] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 20, 2000, dismissing the complaint pursuant to an order which granted defendant's cross motion for summary judgment while denying plaintiff's motion for summary judgment, unanimously affirmed, with costs.

The IAS court correctly determined that the subject insurance policy providing umbrella and excess coverage did not obligate defendant insurer to defend plaintiff insured in an underlying action for false advertising or to reimburse plaintiff for its attorneys' fees in defending such action. Because there was primary insurance covering the claims against plaintiff, the umbrella coverage portion of the policy, which required defendant to provide a defense, was not implicated. As for the excess insurance coverage, the policy in effect on the date of plaintiff's alleged acts of false advertising specifically excluded legal expenses from the losses that defendant was required to pay.

Plaintiff argues that under a so-called "Liberalization Clause," which became effective on May 1, 1993, defendant's excess insurance policy incorporated the terms of the underlying "Multimedia Policy" with respect to coverage for legal expenses in defending covered lawsuits. Although the counsel fee coverage was indeed provided prospectively, this was an "occurrence" policy, where the acts of false advertising that gave rise to liability commenced in April 1993. There is no merit to plaintiff's argument that the controlling event that triggered the attachment of coverage should have been the injury resulting from the alleged act of false advertising, rather than the occurrence that actually caused the injury (*see, Matter of Midland Ins. Co.*, 269 AD2d 50). Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.